UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RON HOWARD, JR., | ) | 1:06-CV-01589 LJO NEW (DLB) HC |
|         Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|    v. | ) ) | |
| JEANNE WOODFORD, Director, | ) ) | [Doc. #1] |
|         Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

In May of 2000, Petitioner was convicted in the Fresno County Superior Court of gross vehicular manslaughter in violation of Cal. Penal Code § 191.5, drunk driving in violation of Cal. Vehicle Code § 23153(b), and drunk driving with bodily injury in violation of Cal. Vehicle Code § 23153(a). Petitioner was sentenced to serve a total determinate term of nine years and eight months in state prison.

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District. Petitioner does not state the outcome of the appeal, but the Court assumes the judgment was affirmed.

On October 27, 2005, Petitioner filed the instant federal petition for writ of habeas corpus in

---

[1] This information is derived from the petition for writ of habeas corpus.

the United States District Court for the Central District of California. By order dated October 27, 2006, the petition was transferred to the Eastern District and received in this Court. The petition raises the following ground for relief: (1) Petitioner's sentence has been illegally increased by holding that parole is to be served after completion of this court-ordered sentencing period rather than holding that parole is part of a sentence.

**DISCUSSION**

I. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II. Review of Claim

The instant petition should be dismissed because it is clear Petitioner is not entitled to relief. In his petition, Petitioner claims the California Department of Corrections ("CDC") has wrongfully added a term of parole to his sentence. He asserts the sentencing judge never stated a certain term of parole as part of his sentence, only that there was a possibility Petitioner would be placed on parole. Petitioner claims the CDC's actions violate the California statutes and his due process rights.

California Superior Court Sentencing Rule 433(e) requires the sentencing judge to "inform the defendant, pursuant to Penal Code § 1170(c), of the parole period provided by § 3000 to be served after expiration of the sentence in addition to any period of incarceration for parole violation." Cal.R. 433(e). Penal Code Section 1170(c) requires the judge to "inform the defendant that as part of the sentence after expiration of the term he or she may be on parole for a period as provided in Section 3000." Cal.Penal Code § 1170(c). Section 3000 merely sets forth the various possible maximum lengths of parole terms. Id. § 3000(a)-(d).

From the above sentencing rules and penal code sections, it is clear that the sentencing judge need not inform the defendant of the exact length of the parole term. Indeed, the parole term is not

1  determined by the sentencing judge--it is determined by the Board of Prison Terms. Id. § 3000(f); see
2  In re Powell, 248 Cal.Rptr. 431, 435-36 (Cal.1988). Under Cal. Penal Code § 3000, the Board can
3  impose the statutory maximum term allowed or can waive a portion or even all of the possible term.
4  Cal.Penal Code § 3000(a), (b). The sentencing judge has the duty merely of informing the defendant
5  of the *possibility* of parole. Petitioner concedes the sentencing judge did just that.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 27, 2007**                    /s/ **Dennis L. Beck**
3b142a                                           UNITED STATES MAGISTRATE JUDGE